9953

COOK v. SOUTHERN RY. CO.

(96 S. E. 148.)

1. REMOVAL OF CAUSES—ALLEGATIONS IN PLEADING—EMPLOYERS' LIABILITY ACT.—Under the rule that an action in which the complaint sets out a case under the Federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, secs. 8657-

8665]) is not removable, a complaint, in an action against an interstate and intrastate railroad for death of car repairer, stating that the car on which deceased was working was brought to the shops for repairs shortly before the accident, "with a view to its being returned and continued in use by said defendant in such interstate and intrastate commerce" sufficiently alleged, as against petition for removal, that deceased was engaged in interstate commerce, and, therefore, was within the Federal Employers' Liability Act; it being a matter depending upon the proof at the trial whether defendant's liability was in fact under the State law or the Federal act.

2. COMMERCE—INJURY TO SERVANT—STATE LAW.—If a railroad's car on which its repairer was working when he was killed was to be returned to State service after repairs, the State law fixed the rights and duties of the railroad and the repairer's administratrix.

3. COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT.—If a railroad car after repairs was to be used in interstate commerce, the Federal Employers' Liability Act fixed the rights and duties of the railroad and the administratrix of its car repairer killed while working on the car.

Before SMITH, J., Richland, Summer term, 1917. Reversed.

Action by May Cook, administratrix of J. Walter Cook, against the Southern Railway Company. From an order directing removal of the cause to the Federal Court, plaintiff appeals.

The following is the complaint:

Plaintiff above named, complaining of the above named defendant, alleges:

(1) That the plaintiff is the duly appointed administratrix of the estate of J. Walter Cook, deceased. That she brings this action for the benefit of herself as widow of said J. Walter Cook, and for the benefit of Maude Cook, Lee Cook, Walter B. Cook and Corley Cook, the children of said J. Walter Cook, all of which children are minors; and the said widow and said children were dependent upon said J. Walter Cook.

(2) That the defendant is now and was at the times here-inafter mentioned a corporation engaged in the business of a common carrier, both of passengers and freight, in interstate and intrastate commerce.

(3) That said defendant, railway company, at the time hereinafter mentioned, had and still has railroad shops in the city of Columbia, county of Richland, State of South Carolina, which is a division point, where cars are custom-arily repaired, and where construction work is carried on.

(4) That on the 18th day of September, 1916, plaintiff's intestate, J. Walter Cook, while engaged in the employment of the defendant as a car repairer working on a passenger coach at its shops in Richland county, State of South Caro-lina, fell or was thrown from a ladder upon which he was to the cement floor in the paint shop of the defendant; his head and skull were broken and crushed, and subsequent thereto he died from the injuries received in said fall.

(5) That said injuries and death of the plaintiff's intes-tate, as plaintiff is informed and believes, was due to the negligence of the said defendant, its officers, agents and employees, in that:

(a) Said defendant company, its said officers and employees, failed and neglected to furnish and provide a safe and suitable place, and safe and suitable ways and appli-ances at which and with which the intestate was required to and did work; and failed to make and keep the said place and appliances safe and suitable, and to properly safeguard the same. And said defendant, its said officers and employees, furnished to intestate unsafe and dangerous place and appli-ances at and with which he was required to work.

(b) The said railway company, its said officers and employees, failed to furnish and provide sufficient and suit-able buildings and sheds in its shops and yards for the repair and construction work which it undertook and required of

its employees and of the intestate, as required by law; and required said employees and said intestate to do the repair work on this car in its paint shop, which was not a suitable and safe place for such work.

(c) The said railroad company, its said officers, agents and employees having charge and supervision of its construction and repair work, required the intestate to do said repair work in its paint shop, which is not safe, suitable and sufficient for such work. It was crowded and congested with other work and with ways and appliances adapted for such work; and said other work, ways and appliances interfered with and rendered the place and appliances at, about and with which intestate was required to work unsafe and dangerous. The floor of such paint shop was made of cement, was sloping and unsafe and unsuitable on which to rest the ladder provided and furnished to and for said intestate, in getting to and carrying on said repair work, and in carrying material for such work.

(d) Said railway company, its said officers and employees in charge and control of said repairs and shops, furnished and provided, as a way of reaching the work required of intestate, a ladder, the feet of which were made of iron spikes; and the said ladder was not safe and stable; was dangerous and unsuitable for use in said paint shop. There was no means provided for attaching such ladder to the floor, or otherwise rendering it safe and stable. It was liable to and did turn and slip.

(e) Such ladder was not a safe and suitable way and appliance for intestate in and about the work upon which he was engaged.

(f) The said ladder so furnished was not long enough to reach the top of the car upon which the intestate was required to work and to which he was required to carry his material for work in repairing, and it became necessary, after reaching the top of the ladder, that said intestate should

reach over and pull himself up a distance to reach the top of the car where he was required to work, and in doing so, the ladder turned and slipped, throwing the said intestate to the floor.

(g) Such ladder was easily moved out of its position by contact with other obstacles, work or workers in said shop.

(6) On information and belief, that the said car upon which the intestate was employed and was working at the time of said injury was used by the defendant in interstate and intrastate commerce, and was brought to said shops for repairs a short time prior to said injuries, with a view to its being returned and continued in use by said defendant in such interstate and intrastate commerce.

(7) That plaintiff, and those for whom she sues, has been damaged and injured by the aforesaid wrongful and negligent acts and conduct of the defendant, its officers and employees, in the sum of $50,000.

Wherefore, plaintiff prays judgment against defendant for said sum of $50,000, and for costs and other and further relief.

*Messrs. W. H. Cobb, A. F. Spigner* and *D. W. Robinson,* for appellant, cite: *As to petition for removal:* 239 U. S. 500; 60 L. Ed. 406; 232 U. S. 52; 58 L. Ed. 547; 229 U. S. 113; 57 L. Ed. 1096; 212 U. S. 319; 54 L. Ed. 212; 243 U. S. 302; 61 L. Ed. —; Advance Ops. 1916, p. 277; 232 U. S. 146; 58 L. Ed. 544; 34 Sup. Ct. Rep. 278; 236 U. S. 311; 59 L. Ed. 594; 35 Sup. Ct. Rep. 357. *Federal Employers' Liability Act covers car repairers:* 229 U. S. 151-2; 57 L. Ed. 1127; 239 U. S. 501; 60 L. Ed. 406; 232 U. S. 259-60; 58 L. Ed. 595-6; 208 Fed. 869; 126 C. C. A. 27-30; L. R. A. 1915c, 19-29; 204 Fed. 751; 124 C. C. 240-1; 234 Fed. 1; 148 C. C. A. 222; Fed. Employers' Liability and Safety Appliance Acts; Thornton (2d Ed.), sec. 31, pp. 61-2; sec. 28, p. 75; 171 S. W. 95; 115 Ark. 308; 98 Atl. (Md.) 225; 160 N. W. 1057; 180 Fed. 832; 113 C. C. A. 379; 192 Fed.

901; 198 U. S. 1; 49 L. Ed. 363; 25 Sup. Ct. Rep. 158; 17
Am. Neg. Rep. 412; 229 U. S. 151, 152; 57 L. Ed. 1127,
1128; 33 Sup. Ct. Rep. 648; Ann. Cas. 1914c, 153; 3 N. C.
C. A. 779; 228 Fed. 263; 142 C. C. A. 557-8 (3d Cir.);
239 U. S. 558; 60 L. Ed. 438; 241 U. S. 180; 60 L. Ed.
942; 228 Fed. 226; 142 C. C. A. 561; 204 Fed. 751; 124
C. C. A. 505; 45 L. R. A. (N. S.) 8; 238 U. S. 262; 59 L.
Ed. 1299. *As to operatives:* 238 W. S. 51-2; 60 L. Ed.
139-40; 244 U. S. —; 61 L. Ed. Advance Ops. 1916, p.
557; 242 U. S. 303; 61 L. Ed. —; Adv. Ops. 1916, p. 118;
242 U. S. 292; 61 L. Ed. —; Adv. Ops. 1916, 122; U. S.
—; 61 L. Ed. —; U. S. Adv. Ops. 1916, p. 515; 241 U. S.
179-180; 60 L. Ed. 942; 233 U. S. 476-8; 53 L. Ed. 1054-5;
238 U. S. 263; 59 L. Ed. 1299; 239 U. S. 354; 60 L. Ed.
326; 101 S. C. 108; 240 U. S. 439; 60 L. Ed. 730; 229 U.
S. 159-60; 57 L. Ed. 1134. *As to repairers of interstate
instrumentalities:* 229 U. S. 151-2; 57 L. Ed. 1127; 239
U. S. 501; 60 L. Ed. 406; 208 Fed. 860; 126 C. C. A. 27;
30 L. R. A. 1915c, 19-20; 198 Fed. 1; 117 C. C. A. 240-1;
234 Fed. 1; 148 C. C. A. 222; — U. S. —; 61 L. Ed. —;
Adv. Ops. 1916, pp. 704-5. *Other employees not entitled—
when:* 239 U. S. 558; 60 L. Ed. 438; 243 U. S. 43; 61 L.
Ed. —; U. S. Adv. Ops. 1916, p. 269; — U. S. —; 61 L.
Ed. —; Adv. Ops. 1916, 248. *Question for jury:* 106 S. C.
219; 99 S. C. 420; 101 S. C. 108; 239 U. S. 354; 60 L. Ed.
327; 232 U. S. 260-1; 58 L. Ed. 596; 239 U. S. 54; 60 L.
Ed. 139-40; — U. S. —; 61 L. Ed. —; U. S. Adv. Ops.
1916, p. 620; 242 U. S. 13; 61 L. Ed. —; Adv. Ops. 1916,
p. 5. *State Court has jurisdiction of question:* 79 S. C.
204; 200 U. S. 215-18; 50 L. Ed. 446-7; 238 U. S. 601; 59
L. Ed. 1482; — U. S. —; 61 L. Ed. —; U. S. Adv. Ops.
1916, pp. 704-5; 239 U. S. 500; 60 L. Ed. 406; 232 U. S.
259-60; 58 L. Ed. 595-6; Fed. Jud. Code, chap. III, sec. 28.

*Mr. Frank G. Tompkins,* for respondent, submits: *Case
not appealable:* 200 U. S. 221; 190 U. S. 326; 183 U. S.

53; 160 U. S. 556; 121 U. S. 182; 100 U. S. 157; 103 U. S. 485; 106 U. S. 118; 113 U. S. 742; 117 U. S. 430; 152 U. S. 454; 160 U. S. 556; 210 U. S. 153; 232 U. S. 146; Foster's Fed. Prac., vol. V, 5th Ed., p. 1884; 36 S. C. 260; 91 S. C. —; 102 S. C. 343; 237 U. S. 597; 203 U. S. 271; 206 U. S. 236; 229 Fed. Rep. 319; 241 Fed. 696; 242 U. S. 370; 239 U. S. 496; 101 S. C. 86; 106 S. C. 215.

April 12, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from an order of the Circuit Court which directed the removal of the cause to the Federal Court. The action is by the administratrix of an employee of the defendant company for a tort to the person of the deceased alleged to have resulted from an unsafe place to work and unsafe appliances to work with. The employee, it is alleged in the complaint, was a car repairer, and at the instant was mounted on a ladder, working upon a passenger coach, when the ladder fell, and precipitated the workman to his death on a cement floor.

The counsel for defendant stated at the bar that if the complaint had set out a cause of action under the act of Congress, then in that event there would have been no motion for a removal, but the motion would have been a nonsuit on failure of proof. The same counsel admitted that if the complaint sets out a case under the act of Congress, it is not removable. And the same counsel further said, there is nothing in the complaint to exclude the idea that car would be used in State as well as interstate commence; and if the car was to be used in commerce of both sorts, then the cause is not removable.

So the only issue to be decided is, Has the complaint alleged circumstances which, if true, show that the work-

COOK *v.* SOUTHERN RY. CO.

man at the instant of his hurt was engaged in commerce betwixt the States? Let the complaint be reported. The second paragraph alleged that the defendant was at the time in question engaged in the business of a common carrier both of passengers and freight in interstate and intrastate commerce.

The fourth paragraph alleges that the workman was a car repairer, and at the time in question was at work on a passenger coach in defendant's division shops in Richland county, South Carolina.

The sixth paragraph alleges that the car referred to was used in commerce of both sorts, and was brought to the shops for repairs a short time before the accident, with a view to its being returned and continued in such interstate and intrastate commerce. If that be true, and for the purposes of the motion it is assumed to be so, then the case is the same as if the car had been stopped on the railroad highway for repair, in which event there will be no question but that in such an instance the repair was being done while the car was in interstate service.

It matters not that the allegations are that the car had been and was to be used in both services; the plaintiff could not know in which; the defendant's liability, under the act of Congress or under the statute of the State, would follow the proof as to that matter. If it turns out by the testimony that the car was to be forthwith turned to State service, then the State law fixes the rights and duties of the litigants. If it turns out that the car was to be forthwith turned to interstate service, then the act of Congress fixes the rights and duties of the parties, and upon the judicial ascertainment of that fact the State Court shall proceed to the trial of the cause as is specially provided by the act of Congress.

The judgment is reversed.